**PUBLISH**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

No. 96-8362

D.C. Docket No. CV193-033-DHB

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/18/98
THOMAS  K. KAHN
CLERK

BOARDMAN PETROLEUM, INC. d.b.a.
Red & Jack Oil Company,

Plaintiff, Counter-Defendant,
Appellee,

versus

FEDERATED MUTUAL INSURANCE
COMPANY,

Defendant, Counter-Claimant,
Appellant.

Appeal from the United States District Court
for the Southern District of Georgia

**(August 18, 1998)**

Before HATCHETT, Chief Judge, ANDERSON, Circuit Judge, and LAY[*], Senior Circuit Judge.

_____

[*] Honorable Donald P. Lay, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

PER CURIAM:

In our prior opinion in this case, Boardman Petroleum Inc. v. Federated Mutual Insurance Co., 119 F.3d 883 (11th Cir. 1997), we certified the following questions to the Supreme Court of Georgia:

(1)     What is the appropriate trigger of coverage under general liability  policies such as the ones at issue in this case?

(2)     Does an "owned or rented" coverage exclusion in general liability policies such as the ones at issue bar coverage of all or a portion of an insured's claims for indemnification for the cost of a state ordered contamination clean-up when that clean-up involves soil and groundwater contamination which has not yet damaged surrounding soil and/or groundwater?

The Supreme Court of Georgia did not reach the trigger of coverage issue in the first certified question because it found that the owned or rented exclusion is dispositive.

The Supreme Court of Georgia has answered the second certified question as follows:

Where there is no evidence of a reasonable present threat of harm to third-party property, coverage is barred. [Boardman Petroleum, Inc. v. Federated Mutual Insurance Co., Case No. S97Q1883, Supreme Court of Georgia (February 23, 1998).]  Any other construction is contrary to the policy language and would render the owned or rented exclusion meaningless because in almost every case the policyholder could simply contend that contamination on its own property presents a threat of future harm to off-site property. . . .

[Therefore,] . . . the plain language of the owned or rented property exclusion bars coverage for indemnification for the cost of a state-ordered contamination clean-up when that clean-up involves soil and groundwater contamination to property owned or rented by the insured, and does not involve property of a third party, and poses no immediate or imminent threat of off-site contamination.

Boardman Petroleum, Inc. v. Federated Mutual Ins. Co., Case No. S97Q1883, Supreme Court of Georgia (February 23, 1998).

The district court erred in holding that the clean-up costs for contamination on Boardman's leased premises were covered in the insurance policy, despite the exclusion for

2

damage to property that Boardman "owned, occupied or rented." Accordingly, we reverse the district court's grant of summary judgment in Boardman's favor and remand for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**